[934 NYS2d 825]

In the Matter of EDWARD J. MARTZ, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 27, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated January 25, 2011, the respondent was immediately suspended from the practice of law upon a finding that he was guilty of professional misconduct immediately threatening the public interest based on his failure to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee), substantial admissions made under oath, and other uncontroverted evidence of professional misconduct. That decision and order also authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based upon the allegations set forth in a petition dated August 16, 2010; ordered that the respondent serve an answer to the petition within 20 days; and referred the issues raised to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report.

The petition contains 17 charges of professional misconduct against the respondent, including breaching his fiduciary duty by failing to preserve funds entrusted to him as a fiduciary incident to his practice of law (three counts); misappropriating and/or converting funds entrusted to him in his capacity as an attorney, by using them for purposes other than those for which they were intended (four counts); engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, by misleading a client that he still maintained her funds in his bank account, would be remitting them, and delaying remitting the funds; failing to maintain funds received on behalf of another, incident to his practice of law, in a special bank account; engaging in conduct prejudicial to the administration of justice by failing to timely or properly cooperate in the investigation by the Grievance Committee; permitting multiple checks or electronic transfers to be dishonored in his attorney trust account due to insufficient funds; failing to maintain required bookkeeping records; and engaging in conduct adversely reflecting on his fitness as a lawyer (five counts).

On March 28, 2011, the respondent was personally served with a copy of the decision and order dated January 25, 2011, with notice of entry; notice of petition; and the petition dated August 16, 2010. More than 20 days have since elapsed without an answer to the petition, as directed, or a request for an adjournment.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such disci-

pline upon him as the Court deems appropriate, based upon his default. No opposition or other response to the Grievance Committee's motion has been received from the respondent to date.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ENG, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Edward J. Martz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Edward J. Martz, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Edward J. Martz, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edward J. Martz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).